No. DA 06-0022

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 325N

IN THE MATTER OF THE MENTAL
HEALTH OF M.B.,

      Respondent and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDI 2005-025,
Honorable Kenneth Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lawrence A. LaFountain, Attorney at Law, Great Falls, Montana

      For Respondent:

          Hon. Mike McGrath, Montana Attorney General, Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

          Brant Light, Cascade County Attorney, Marvin Anderson,
Deputy County Attorney, Great Falls, Montana

Submitted on Briefs:  October 10, 2006

Decided:  December 12, 2006

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    M.B. appeals from the District Court's November 4, 2005 Findings of Fact, Conclusions of Law, and Order for Commitment to Inpatient Mental Health Care.  In its decision, the court concluded that M.B. suffers from a mental disorder as defined in § 53-21-102(9), MCA (2005), and that because of his mental disorder, M.B. is unable to care for himself and provide for his basic needs of food, clothing, shelter, health and safety.  The court also concluded that M.B. is a threat to harm himself and other members of the community, and that the least restrictive placement for M.B., after the consideration of all alternatives necessary to protect M.B. and the public, and to permit effective treatment, is commitment to the Montana State Hospital.

¶3    On appeal, M.B. contends that he was illegally committed to the Montana State Hospital because the State failed to prove beyond a reasonable doubt that he was in need of commitment as required by § 53-21-126(1)(a)-(c), MCA.

¶4    Basically, M.B. contends that the State proved none of the factors required under § 53-21-126(1)(a)-(c), MCA, beyond a reasonable doubt.  The State argues that the District Court had more than sufficient evidence in which to conclude that M.B.'s progressively worsening symptoms of chronic paranoid schizophrenia would, if

untreated, threaten M.B. or others with imminent harm or prevent M.B. from being able to provide for his own basic needs. The State notes that M.B. had lost weight because he thought he was living off of "spiritual food" and that he had not been taking his medications as prescribed. The State notes also that M.B. was associating with people who were taking advantage of him, and that he had become extremely delusional and paranoid. The State argues that M.B.'s condition caused him to become more aggressive, confrontational, threatening, and self-destructive.

¶5 Section 53-21-126(2), MCA, provides:

> The standard of proof in a hearing held pursuant to this section is proof beyond a reasonable doubt with respect to any physical facts or evidence and clear and convincing evidence as to all other matters. However, the respondent's mental disorder must be proved to a reasonable medical certainty. Imminent threat of self-inflicted injury or injury to others must be proved by overt acts or omissions, sufficiently recent in time as to be material and relevant as to the respondent's present condition.

¶6 Having reviewed the record in this matter, we conclude that the State presented sufficient evidence to meet its burden of proof as required under the foregoing statute.

¶7 Accordingly, we have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the court's findings of fact are supported by substantial evidence, and because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

3

¶8      On that basis, we affirm the District Court's November 4, 2005 Findings of Fact,

Conclusions of Law, and Order for Commitment to Inpatient Mental Health Care.


                                        /S/ JAMES C. NELSON



We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS